JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ZACHARY M. FAIGEN (SBN 294716)
zack.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

SHAY DVORETZKY (*admitted pro hac vice*)
shay.dvoretzky@skadden.com
PARKER RIDER-LONGMAID (*admitted pro hac vice*)
parker.rider-longmaid@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile:  (202) 393-5760

Attorneys for Plaintiff
AIRLINES FOR AMERICA

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIRLINES FOR AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and SAN FRANCISCO OFFICE OF LABOR STANDARDS ENFORCEMENT,<br><br>               Defendants. | CASE NO.: 3:21-cv-02341-EMC<br><br>Judge: Hon. Edward M. Chen<br>Complaint Filed: March 31, 2021<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

JOINT CASE MANAGEMENT STATEMENT
Case No. 21-cv-02341-EMC

Plaintiff Airlines for America ("Plaintiff") and Defendant City and County of San Francisco ("Defendant" or the "City" and, with Plaintiff, the "Parties"), by and through their undersigned counsel, submit the following Joint Case Management Statement.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff initiated this action on March 31, 2021, challenging San Francisco Ordinance No. 235-20, known as the "Healthy Airport Ordinance" or "HAO." The HAO sets out minimum healthcare coverage and benefits standards for certain employers who operate at San Francisco International Airport. The Complaint alleges that the HAO is unenforceable because it is preempted by three federal statutes: (i) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*; (ii) the Airline Deregulation Act of 1978 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705; and (iii) the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* It also alleges that the HAO violates the Contracts Clause of the U.S. and California Constitutions. Defendant denies that the HAO is preempted by any federal statute, or that it violates the Contracts Clause of the U.S. or California Constitution.

On August 3, 2021, the Parties proposed, and the Court agreed, to bifurcate the case and litigate the City's market participant defense as a threshold issue. For the next five months, the parties conducted limited discovery directed to the market participant issue.

On December 31, 2021, the Parties cross-moved for summary judgment on the City's market participant defense.

On April 5, 2022, the Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's.

On August 29, 2023, the Ninth Circuit reversed the Court's grant of summary judgment to Defendant on the market participant issue.

On February 20, 2024, the Court held a Status Conference by Zoom. The Court set a deadline of February 20, 2025 for the parties to complete fact discovery.

On June 12, 2024, the Parties filed a Stipulation of Dismissal in which Plaintiff dismissed with prejudice its claim that the HAO is preempted by the ADA. (ECF 70.) Also on June 12, the Court signed the Parties' stipulation, thereby dismissing Plaintiff's ADA claim with prejudice. (ECF 71.)

On July 23, 2024, the Parties filed a [Proposed] Stipulation Protective Order (ECF 72) and a Stipulated Order Re: Discovery of Electronically Stored Information (ECF 73). On July 24, 2024, the Court signed both Orders. (ECF 74 and ECF 75.)

On July 29, 2024, the Defendant filed a Partial Motion to Dismiss Counts II, IV, and V of Plaintiff's Complaint (the ERISA preemption and Contract Clause claims) and Plaintiff's request for monetary relief on the grounds that Plaintiff cannot pursue those claims or monetary relief in a representational capacity. (ECF 76.)

## II.     CURRENT CASE STATUS

Since the February 20, 2024 Status Conference, the Parties have been diligently engaged in document discovery. Plaintiff served document requests on Defendant, and Defendant served document requests on Plaintiff. The Parties have held numerous meet and confers in an effort to narrow their disputes and areas of disagreement. The Parties expect to begin their document productions in August.

In addition, Plaintiff propounded third-party document subpoenas on certain unions whose workers are employed at SFO. Plaintiff has been meeting and conferring with counsel for the unions, and expects that the unions will make their document productions in August as well.

The Parties previously served Rule 26 initial disclosures during the first phase of the case. Those initial disclosures concerned the threshold market participant issue only. As a result, the Parties have agreed to serve supplemental initial disclosures in August concerning the merits of Plaintiff's claims.

The Parties do not currently have any discovery issues to raise with the Court.

## III.    NEXT STEPS

Following document discovery, the Parties anticipate that they will proceed to written discovery and depositions. The scope of discovery and the time needed to complete it will depend in part upon the resolution of the Defendant's Partial Motion to Dismiss.

The Parties propose that the Court set a further Status Conference in January 2025, at which time the Defendant's Partial Motion to Dismiss may have been resolved and further discovery will have been taken. At that time, Parties will ask the Court to set a trial date and a schedule for the remainder of the case.

| | | |
|---|---|---|
| 1 | DATED: July 30, 2024 | JASON D. RUSSELL<br>jason.russell@skadden.com |
| 2 | | |
| 3 | | _/s/ Jason D. Russell_<br>Attorneys for Plaintiff<br>AIRLINES FOR AMERICA |
| 4 | | |
| 5 | | SKADDEN, ARPS, SLATE, MEAGHER<br> & FLOM LLP |
| 6 | | 300 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone / Fax:  (213) 687-5000 / (213) 687-5600 |
| 7 | | |
| 8 | DATED: July 30, 2024 | MELISSA C. ALLISON (*admitted pro hac vice*)<br>mallison@andersonkreiger.com |
| 9 | | |
| 10 | | _/s/ Melissa C. Allison_<br>Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO |
| 11 | | |
| 12 | | ANDERSON & KRIEGER LLP<br>Scott P. Lewis (*admitted pro hac vice*)<br>slewis@andersonkreiger.com |
| 13 | | Austin P. Anderson (*admitted pro hac vice*)<br>aanderson@andersonkreiger.com |
| 14 | | 50 Milk Street, 21st Floor<br>Boston, MA 02109 |
| 15 | | Telephone / Fax:  (617) 621-6500 / (617) 621-6600 |
| 16 | | CITY AND COUNTY OF SAN FRANCISCO<br>Dennis J. Herrera, City Attorney |
| 17 | | Wayne K. Snodgrass, Deputy City Attorney<br>City Hall, Room 234 |
| 18 | | 1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4682 |
| 19 | | Telephone / Fax:  (415) 554-4675 / (415) 554-4699 |

**FILER'S ATTESTATION**

I, Jason D. Russell, am the ECF User whose ID and password are being used to file this Joint Case Management Statement and Request for Scheduling Order. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:   _/s/ Jason D. Russell_
       Jason D. Russell